23390

CAROLINA POWER & LIGHT COMPANY, Appellant

v. DARLINGTON COUNTY, Respondent.

(405 S.E. (2d) 823)

Supreme Court

*John M. Milling,* Darlington, *for appellant.*

*Karl H. Smith,* Hartsville; *Theodore B. DuBose,* and *Robert Y. Knowlton,* Columbia, *for respondent.*

Heard Nov. 14, 1990; Decided May 6, 1991.

Rehearing Denied July 22, 1991.

FINNEY, Justice:

Appellant Carolina Power & Light Company appeals the circuit court order granting summary judgment in favor of Respondent Darlington County. We reverse and remand.

In 1987 respondent undertook to create a fire protection district in the unincorporated areas of Darlington County pursuant to S.C. Code Ann. § 4-19-10, *et seq.,* (1976). Respondent followed the procedure outlined in S.C. Code Ann. § 4-19-20 (1976) to establish the area as a taxing district.

In 1988 respondent amended the boundaries of the district to exclude those areas subject to a circuit court order issued in the case of the *City of Darlington v. Robert L. Kilgo, Jr., et al.* In that case, the circuit court ruled that areas within a five mile radius of fire stations of the cities of Hartsville and Darlington could not be included in the fire protection district since those areas received fire protection service from one of the municipalities.[1]

Appellant owns and operates the H.B. Robinson nuclear power generating facility in an unincorporated area of Darlington County. Appellant's Robinson Plant was included in both the original and revised districts. This action commenced when appellant sought a declaratory judgment ex-

---

[1] This ruling was later affirmed by this Court. *City of Darlington v. Robert L. Kilgo, Jr., et al.,* — S.C. —, 393 S.E. (2d) 376 (1990).

cluding the Robinson Plant from the amended fire protection district.

Appellant alleges that it was being served by the Hartsville Fire Department at the time respondent created its fire protection district. Hence, appellant's contention that the Robinson Plant qualifies under S.C. Code Ann. § 4-19-10(b) (1976) as an area "where fire protection is then being furnished by some other political subdivision." Section 4-19-10(b) provides that such areas may not be included within a new fire protection district unless the county and the "other political subdivision" have entered into an agreement for "the joint exercise of fire protection powers . . ."

Respondent moved for summary judgment on the grounds that appellant failed to comply with S.C. Code Ann. § 4-19-20(6) (1976) since this action was not instituted within twenty days following the last public notice.

The trial court granted summary judgment, holding that appellant was required to institute suit within the twenty-day period prescribed by § 4-19-20(6). The trial court opined that the statutory twenty-day limitation bars all challenges involving establishment of service areas as well as the imposition of taxes.

On appeal, appellant asserts that § 4-19-20(6) applies only to the imposition of ad valorem taxes. We agree.

There are two prerequisites to the creation of a fire protection district. First, the geographical boundaries of the proposed district must be established. Second, a method of funding the proposed district must be determined. Under South Carolina law, a fire protection district may be funded by (a) the levy and collection of an annual ad valorem tax within the service area, or (b) the imposition of rates and charges for the furnishing of fire protection services within each service area. See S.C. Code Ann. § 4-19-30 (1976).

Section 4-19-20 prescribes the action required of a governing body prior to the imposition of ad valorem taxes. Section 4-19-20(6) provides a twenty-day limitation only for asserting

a challenge to the imposition of ad valorem taxes.

Clearly, the scope of § 4-19-20[2] is limited to the issue of what requirements a governing body must meet before establishing a service area as a taxing district. Therefore, this Court holds that the twenty-day limitation set forth in § 4-19-20(6) is related solely to the question of contesting the designation of a service area as a taxing district.

Hence, the twenty-day limitation in § 4-19-20(6) is inapplicable to a challenge to the geographical composition of a fire protection district. For the foregoing reasons, this case is reversed and remanded.

Reversed and remanded.

GREGORY, C. J., HARWELL and TOAL, JJ., and Acting Associate Justice LITTLEJOHN, concur.

---

[2] § 4-19-20. **Action required of governing body prior to imposition of ad valorem taxes.**

Prior to the imposition of ad valorem taxes upon any service area, the governing body must comply with the following requirements:

(1) The governing body shall, by resolution duly adopted, order a public hearing to be held for the purpose of making a determination as to the area to be included in the service area to be taxed.

(2) Notice of the foregoing action must be published once a week for three successive weeks in a newspaper of general circulation in the county, and such notice shall state:

(i) The time of the public hearing, which must be not less than sixteen days following the first publication of the notice;

(ii) The place of the hearing; and

(iii) The area included in the service area to be taxed, including a brief description of the boundary lines.

(3) The hearing must be conducted publicly and both proponents and opponents of the proposed action must be given full opportunity to be heard.

(4) Following the hearing the governing body shall, by resolution, make a finding as to whether the service area must be established as a taxing district.

(5) The governing body shall cause notice of its action to be published once a week for two successive weeks in a newspaper of general circulation within the county which shall state the results of its action.

(6) Any person affected by the action of the governing body may, by action de novo instituted in the court of common pleas for the county, within the twenty days following the last publication of the notice prescribed by item (5) of this section, but not afterwards, challenge the action of the governing body.